FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 20, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL PETER SPITZAUER,<br><br>Defendant. | No.   2:13-cr-06071-SMJ<br><br>**ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 MOTION** |

Before the Court, without oral argument, is Michael Peter Spitzauer's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 273. The United States of America has not been formally served a copy of Spitzauer's § 2255 motion. On March 7, 2019, the Court sentenced Spitzauer to six months' imprisonment for violating his supervised release conditions by committing new crimes. ECF No. 271 at 1–2. Spitzauer challenges his sentence, arguing it is invalid because the Court dismissed the charges that formed the basis for those violations. ECF No. 273 at 4, 12. Having reviewed the file and relevant legal authorities, the Court summarily dismisses Spitzauer's claim because the record conclusively establishes he is entitled to no relief.

ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 MOTION **-** 1

**LEGAL STANDARD**

Under § 2255, a prisoner in custody for a federal sentence may move the sentencing court to vacate, set aside, or correct the sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

The Court may dismiss a prisoner's § 2255 motion without service on the Government, without an evidentiary hearing, and without entering findings of fact and conclusions of law if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.* § 2255(b). In deciding whether the Court may summarily dismiss a § 2255 motion, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (alteration in original) (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). Thus, the Court may summarily dismiss a § 2255 motion if "the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *Id.* (quoting *Schaflander*, 743 F.2d at 717). The Court must liberally construe a *pro se* § 2255 motion. *Orona v. United States*, 826

F.3d 1196, 1199 (9th Cir. 2016); *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012).

**DISCUSSION**

Spitzauer argues his six-month prison sentence for committing new crimes in violation of his supervised release conditions is invalid because the Court ultimately dismissed the charges that formed the basis for those violations. ECF No. 273 at 4, 12. In other words, Spitzauer suggests the Court sentenced him for nothing.

The record belies Spitzauer's claim. On March 7, 2019, Spitzauer admitted he was guilty of violating his supervised release conditions, namely the requirement that he commit no further crimes. ECF No. 271 at 1; *see also* ECF No. 178 at 3 ("The defendant shall not commit another federal, state or local crime."). Specifically, Spitzauer admitted violations two and three in the U.S. Probation Office's March 15, 2018 petition. *Id.*; *see also* ECF No. 234 at 2.

Violations two and three alleged Spitzauer "committ[ed] the offense of False Statement, under 18 U.S.C. § 1001, on or prior to August 2, 2017"; and "committ[ed] the offense of Aggravated Identity Theft, under 18 U.S.C. § 1028A(a)(1), on or prior to August 2, 2017." ECF No. 234 at 2. Violations two and three also noted that, "[o]n March 13, 2018, an Indictment under case number 4:18-CR-6012SMJ, was filed in U.S. District Court in the Eastern District of

Washington alleging the above noted criminal offense[s]." *Id.* The Indictment

listed False Statement as count two and Aggravated Identity Theft as count three.

Indictment, *United States v. Spitzauer*, No. 4:18-cr-06012-SMJ-1 (E.D. Wash.

Mar. 13, 2018), ECF No. 1 at 2–3.

On September 6, 2018, the Government filed a two-count Information

Superseding Indictment alleging the same charges as counts two and three of the

Indictment. *See* Information Superseding Indictment, *Spitzauer*, No. 4:18-cr-

06012-SMJ-1 (E.D. Wash. Sept. 6, 2018), ECF No. 113. Spitzauer pleaded guilty

to counts one and two of the Information Superseding Indictment the same day.

Criminal Minutes, *Spitzauer*, No. 4:18-cr-06012-SMJ-1 (E.D. Wash. Sept. 6,

2018), ECF No. 116 at 1; Plea Agreement, *Spitzauer*, No. 4:18-cr-06012-SMJ-1

(E.D. Wash. Sept. 6, 2018), ECF No. 117 at 2; Order Accepting Guilty Plea and

Deferring Acceptance of the Plea Agreement, *Spitzauer*, No. 4:18-cr-06012-SMJ-

1 (E.D. Wash. Sept. 6, 2018), ECF No. 118 at 2; Transcript, *Spitzauer*, No. 4:18-

cr-06012-SMJ-1 (E.D. Wash. Nov. 19, 2018), ECF No. 127 at 17–18.

On March 7, 2019, after the Court sentenced Spitzauer on counts one and

two of the Information Superseding Indictment, it granted the Government's

motion to dismiss "[a]ll remaining counts." Judgment in a Criminal Case,

*Spitzauer*, No. 4:18-cr-06012-SMJ-1 (E.D. Wash. Mar. 8, 2019), ECF No. 176 at

1; *accord* Criminal Minutes, *Spitzauer*, No. 4:18-cr-06012-SMJ-1 (E.D. Wash.

1  Mar. 7, 2019), ECF No. 174 at 3. But the fact that the Court dismissed counts two

2  and three of the Indictment did not erase either (1) Spitzauer's guilty plea to

3  counts one and two of the Information Superseding Indictment or (2) Spitzauer's

4  admission to violations two and three in the U.S. Probation Office's March 15,

5  2018 petition. The Court sentenced Spitzauer to six months' imprisonment

6  because he, in fact, committed the crimes of False Statement and Aggravated

7  Identity Theft in violation of his supervised release conditions.

8      Spitzauer's suggestion that the Court sentenced him for nothing is palpably

9  incredible and patently frivolous. And Spitzauer otherwise fails to allege facts

10  that, if true, establish his sentence is invalid. For this reason, Spitzauer fails to

11  state a claim upon which relief can be granted. Therefore, the record conclusively

12  establishes Spitzauer is entitled to no relief.

13     The Court finds that Spitzauer has not made "a substantial showing of the

14  denial of a constitutional right," 28 U.S.C. § 2253(b)(2), because "jurists of reason

15  could [not] disagree with the [Court]'s resolution of his constitutional claims or

16  . . . conclude the issues presented are adequate to deserve encouragement to

17  proceed further," *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quoting *Miller-El v.*

18  *Cockrell*, 537 U.S. 322, 327 (2003)). Therefore, the Court declines to issue a

19  certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C.

20  § 2253(c)(1)(B).

ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 MOTION **-** 5

Accordingly, **IT IS HEREBY ORDERED**:

1.   Spitzauer's Motion Under 28 U.S.C. § 2225 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, **ECF No. 273**, is **DENIED**.

2.   A **certificate of appealability** is **DENIED**.

3.   The Clerk's Office is directed to **CLOSE** the companion file, **case number 4:19-cv-05132-SMJ**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to the *pro se* movant and all counsel.

**DATED** this 20th day of May 2019.

 _____
SALVADOR MENDOZA, JR.
United States District Judge