UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 06, 2019

SEAN F. McAVOY, CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>   v.<br><br>MICHAEL PETER SPITZAUER,<br><br>      Defendant. | No. 2:13-cr-06071-SMJ<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** |

Before the Court, without oral argument, is Michael Peter Spitzauer's *pro se* Motion for Reconsideration of Denial of 2255 Motion, ECF No. 275. Spitzauer asks the Court to reconsider its May 20, 2019 order denying his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, ECF No. 273. Having reviewed the file and relevant legal authorities, the Court denies Spitzauer's motion for reconsideration.

Reconsideration "is an 'extraordinary remedy' usually available only when (1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law." *Rishor v. Ferguson*, 822 F.3d 482, 491–92 (9th Cir. 2016) (quoting *Allstate Ins.*

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION - 1

*Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011)); *accord McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc). Spitzauer fails to meet this standard.

Spitzauer merely reiterates the argument he made in his § 2255 motion—that his six-month prison sentence for committing new crimes in violation of his supervised release conditions is invalid because the Court ultimately dismissed the charges that formed the basis for those violations. ECF No. 273 at 4, 12; ECF No. 275. But the fact that the Court dismissed counts two and three of the Indictment did not negate either (1) Spitzauer's guilty plea to counts one and two of the Information Superseding Indictment or (2) Spitzauer's admission to violations two and three in the petition to revoke his supervised release. The Court sentenced Spitzauer to six months' imprisonment because he, in fact, committed the crimes of False Statement and Aggravated Identity Theft in violation of his supervised release conditions.

Spitzauer overlooks the fact that the crimes to which he pleaded guilty are, in substance, the same as the crimes alleged in the Indictment and the petition to revoke his supervised release. The minor differences he identifies between those documents and the Information Superseding Indictment are immaterial because, fundamentally, they each describe the same criminal conduct. To find Spitzauer violated his supervised release conditions, it needed only a preponderance of

evidence showing he *committed* the crimes of False Statement and Aggravated Identity Theft; conviction was not necessarily required. *See United States v. Williams*, 741 F.3d 1057, 1059–60 (9th Cir. 2014). The Court had sufficient evidence not only because Spitzauer pleaded guilty to those crimes, as alleged in the Information Superseding Indictment, but also because he admitted the violations described in the petition to revoke his supervised release, which alleged, independently of both the Indictment and the Information Superseding Indictment, that Spitzauer *committed* the crimes of False Statement and Aggravated Identity Theft.

Spitzauer's suggestion that the Court sentenced him for nothing remains palpably incredible and patently frivolous. And Spitzauer otherwise fails to allege facts that, if true, establish his sentence is invalid. For this reason, Spitzauer fails to state a claim upon which relief can be granted. Therefore, the record conclusively establishes Spitzauer is entitled to no relief on his § 2255 motion.

Because Spitzauer fails to demonstrate a manifest error of law or fact, newly discovered or previously unavailable evidence, a manifestly unjust decision, or an intervening change in controlling law, the Court declines to reconsider its denial of his § 2255 motion.

The Court finds that Spitzauer has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(b)(2), because "jurists of reason

could [not] disagree with the [Court]'s resolution of his constitutional claims or . . . conclude the issues presented are adequate to deserve encouragement to proceed further," *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). Therefore, the Court declines to issue a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1)(B).

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Spitzauer's Motion for Reconsideration of Denial of 2255 Motion, **ECF No. 275**, is **DENIED**.

**2.** A **certificate of appealability** is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to the *pro se* movant and all counsel.

**DATED** this 6th day of June 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge